### STATE v. HOWARD.

1. JURY—APPEAL.—EXCEPTION questioning legality of jury not based on objection made below will not be considered on appeal.
2. NEW TRIAL.—It is error of law to refuse new trial only where there is no evidence tending to support the charge or allegation.
3. BURGLARY—MASTER AND SERVANT.—A servant who has the right to lodge in his master's dwelling, but who being outside comes in either by opening the door or raising the sash, not with intent to lodge therein but with intent to steal, and actually steals and carries away his master's goods, commits burglary.

Before KLUGH, J., Beaufort, January term, 1902. Affirmed.

Indictment against Sam Howard for burglary. From sentence on verdict of guilty, defendant appeals.

*Mr. W. S. Tillinghast,* for appellant, cites: *Defendant was joint occupant of dwelling with prosecutor, and could not be convicted of burglary:* 1 Bish. Cr. L., sec. 577; 2 Id., sec. 97, note; 2 Hale P. C., 554; 5 Ency., 2 ed., 51, 67; 7 Rich., 129. *Jury trying defendant was illegal:* 62 S. C., 247, 251; *and jurors not proper arbiters:* 2 Speer, 216; 1 Rich., 188; 7 Rich., 338. *If defect appear on record it is good ground in arrest of judgment:* 36 S. C., 382; 2 Speer, 211; 1 Rich., 188; 15 Rich., 42, 471; 11 S. C., 321. *Ver-*

*dict by jury illegally drawn cannot stand:* 15 Rich., 47; 2 Rich., 534; 54 S. C., 146; 13 S. C., 366; 15 S. C., 42; Freem. on Judgts., sec. 120; 17 S. C., 370.

*Solicitor Davis,* contra (oral argument).

July 3, 1902. The opinion of the Court was delivered by

MR. JUSTICE JONES. The defendant was convicted under an indictment for burglary and larceny, and being recommended to mercy by the jury, was sentenced to five years imprisonment in the penitentiary. He was not represented by counsel on the trial, but after conviction he secured counsel and moved for a new trial, "on the ground that a joint occupant of a dwelling house cannot be convicted for burglariously breaking into such dwelling house," which motion was refused by the Circuit Court, "the Court being of the opinion that the testimony establishes the fact that the defendant was a servant and not a joint occupant of the dwelling house in question." The defendant appeals, excepting that the Court erred (1) in holding that a man can be indicted for burglary in his own house; (2) in holding that a joint occupant of a dwelling house could be convicted of burglary in breaking and entering such dwelling house; (3) there is an entire failure of evidence of any breaking in this case; (4) that the defendant was without counsel on his trial, and it was incumbent upon the State to try him by a legally constituted jury, and there being no law authorizing the array of jurors that tried defendant, the conviction was illegal, and the Court was without jurisdiction to impose the sentence on him.

These exceptions take a much wider range than is justified by the "Case" presented as a basis for exceptions. In reference to the exception touching or alleging illegality of the jury, it does not appear that any objection to any juror or to the venire was raised in the Circuit Court or was considered by said Court, nor is there any fact stated in the "Case" upon which any such exception

could be predicated. A new trial will not be granted for alleged illegality of the jury, which is asserted for the first time in this Court.

The Circuit Court did not hold that a man can be indicted for burglary in his own house, as alleged in the first exception, nor did the Court hold that a joint occupant of a dwelling house could be convicted of burglary of such house, as alleged in the second exception. The motion for a new trial was made upon the single ground stated above, viz: that a joint occupant of a dwelling house cannot commit burglary of such house, and the new trial was refused because the Court considered the evidence as showing that defendant was merely a servant and not a joint occupant. The motion assumed the existence of evidence tending to show a burglary except that, in view of defendant's counsel, the evidence showed that defendant jointly occupied the house with the prosecutor, and that such joint occupant could not commit burglary in such house. The evidence as to the relation between the prosecutor and the defendant with reference to the house was rather meagre. The prosecutor, however, testified that the defendant had been staying with him about a month, and that on the 2d of October, 1901, the night of the alleged burglary, between 1 and 2 o'clock, the defendant went out of the house, and on prosecutor's asking where he was going defendant answered, "Just a little ways." The defendant testified that he had been working for the prosecutor for three months, for which prosecutor owed him. This testimony supports the view of the Circuit Judge, that the defendant was a servant of the prosecutor and not a joint occupant of prosecutor's dwelling; but perhaps the testimony might justify an inference that defendant was permitted to lodge in the dwelling house of his employer, and there was no evidence that defendant occupied any room other than that occupied by the owner. We will, therefore, in liberality to the appellant, consider the case as one of a servant permitted to sleep in or occupy the same room with the master and owner of the dwelling;

charged with burglary of such dwelling. Was it error of law to refuse the motion for a new trial?

If there was any testimony to support the verdict, it was not error to refuse new trial. This Court will not consider the sufficiency of evidence to convict, but will examine the testimony only for the purpose of ascertaining if there was any testimony tending to prove the charge, it being error of law to refuse a new trial only when there is a total failure of evidence tending to prove the charge or allegation. There was evidence tending to show that the prosecutor was the owner of the dwelling house, as alleged in the indictment; that on the night of the 2d of October, 1901, between 1 and 2 o'clock, the defendant, who had for some time previous been in the employ of the prosecutor, Paul Cooxan, and had probably been permitted to occupy the same room occupied by the owner as a lodging place, went out of said dwelling, closing the door behind him; that the house was closed up when defendant went away; that early that morning the prosecutor discovered that his trunk had been broken into and about $16 in money taken therefrom, and that the sash of the window was open or broken; that the defendant was missing; that the prosecutor pursued and found the defendant in Beaufort, in the possession of about $13 of the stolen money, having spent some for a cart; and that defendant confessed to having taken the money. The testimony was such as required it to be submitted to the jury to determine whether the defendant, after leaving the house that night, returned and entered either the door by pushing it open, or the window by raising the sash, with intent to steal the money, or whether he had taken the money out of the trunk before he left the house that night, between 1 and 2 o'clock; and in the absence of any complaint as to the charge, we are bound to assume that the jury were properly instructed. If the defendant, being rightfully in the prosecutor's dwelling as his servant, broke open the trunk and stole therefrom the money, that would not constitute burglary; but if being without the dwelling he

should push open a closed door or raise a sash and enter, not for the purpose of using the dwelling house as a lodging place within his trust and employment, but for the purpose of stealing his master's goods, which, of course, is not within his trust and employment, that would be burglary. A servant's right to enter his master's dwelling depends upon the purpose with which he enters. If he enters pursuant to the trust of his employment, being rightfully in, if he then conceives the felonious purpose and attempts to carry it out without breaking any inner door, it is not burglary, for there is no breaking and entering with felonious intent; but if, being out of the dwelling, he does that which would constitute a breaking and entering, in a stranger, and does it with the intent to steal or commit a felony; or if, being in without breaking, he breaks an inner door with such purpose, then he commits burglary, for the entrance for such purpose is in violation of his trust and employment. It is true, that one cannot commit burglary of his own dwelling house, since burglary is the breaking and entering in the night of the dwelling house of *another,* with intent to commit a felony therein. But a servant who is permitted to lodge in the same room with the master and owner of the dwelling, has no such interest in the dwelling house as to make it in any proper sense his dwelling; and upon the facts in this case it was properly laid in the indictment as the dwelling of the prosecutor. "When persons are abiding in a house as guests, or by sufferance or otherwise, having no fixed or certain interest in any part of it, and a burglary is committed in any of their apartments, the indictment should lay the offense as in the mansion of the proprietor of the house." Arch. Crim. Pr. & Pl., 1094-1099. In 2 Russell on Crims., 7, citing 1 Hale, 553, it is stated: "It will amount to burglary if a servant in the night time open the chamber door of his master or mistress, whether latched or otherwise fastened, and enter for the purpose of committing murder or rape or with any other felonious design, &c." In 2 Bishop's Criminal Law, sec. 97, the author states: "If one

is within, however lawfully, and there breaks an inner door through which he enters a room with burglarious intent, as where a servant lifts the latch and goes into a chamber to commit murder or a rape, it is burglary." In a note to this section the author says: "Probably if the chamber were his own lodging room, the case would be otherwise, because of his *quasi* interest * * *" Lord Hale makes the distinction, whether the "opening of the door is within his trust;" if it is, he considers "the breaking with felonious intent not to be burglary, but otherwise, if it is not within his trust." But we do not think that a servant, though permitted to lodge with the master in the master's chamber, has any such interest in the dwelling or habitation as would make it within his trust and employment to enter such chamber with felonious intent to steal the master's goods. The principle is well stated in *Lowder* v. *State,* 63 Ala., 143, 35 Am. Rep., 9, thus: "Though he (the servant) might have the privilege of opening and entering his master's mansion house to go to bed therein, he would, it seems to me, be guilty of burglary, if he unlocked and entered it in the night time, with the intent to rob, and did then commit robbery therein; only to justify a conviction in such a case, the jury ought to be satisfied by the evidence beyond a reasonable doubt that the intent to rob existed when the house was entered, not formed afterward." Assuming, therefore, that the defendant was the servant of the prosecutor and had permission to lodge in the same room with the prosecutor, there being some evidence that he entered through the closed door or by raising the window sash with intent to steal the prosecutor's money, and did so steal the money, it was not error of law to refuse the motion for a new trial.

Judgment affirmed.